[Civ. No. 25088.   First Dist., Div. Three.   Jan. 22, 1968.]

ALTA SHONKOFF, Plaintiff and Appellant, v. DANT INVESTMENT CO., Defendant and Respondent.

Lewis & Stein and Marvin E. Lewis for Plaintiff and Appellant.

Bledsoe, Smith, Cathcart, Johnson & Rogers and Robert A. Seligson for Defendant and Respondent.

DRAPER, P. J.—Jury verdict and judgment were for defendant in this personal injury action. Plaintiff's motion for new trial was denied. Her notice of appeal was filed within 60 days of notice of entry of judgment. But it recites that she appeals "from the order denying new trial." ▮ On the ground that the order specified in the notice is not appealable, defendant moves to dismiss the appeal.

Since the 1915 amendment (Stats. 1915, ch. 116, p. 209) of the statute defining appealable orders (Code Civ. Proc., § 963) there has been no right to appeal from an order denying new trial in a civil case (3 Witkin, Cal. Procedure, (1954) p. 2169). The practice of appealing both from the judgment and the order denying new trial has been repeatedly condemned by dismissal of the latter appeal. The Supreme Court has admonished "members of the bar generally

to cease appealing from such an obviously nonappealable order'' in conjunction with an appeal from the judgment (*Rodriguez* v. *Barnett,* 52 Cal.2d 154, 156 [338 P.2d 907]).

Here, however, the only notice of appeal is directed to the order denying new trial. The time for appeal from the judgment has passed. If the motion to dismiss be granted, plaintiff will be denied all access to the appellate courts. The affidavit of plaintiff's attorney avers that he intended to appeal from the judgment, but that through inadvertence of himself and his secretary, the notice filed was directed to the order denying new trial.

In a recent case (*Vibert* v. *Berger,* 64 Cal.2d 65 [48 Cal. Rptr. 886, 410 P.2d 390]) the Supreme Court refused to dismiss the appeal in a comparable situation. There plaintiff had appealed from an order sustaining demurrer without leave to amend. Such an order is not appealable, and appeal lies only from the ensuing judgment of dismissal. The court, however, obeyed the mandate requiring a notice of appeal to be liberally construed in favor of its sufficiency (Cal. Rules of Court, rule 1). *Vibert* provides for an exception to the rule requiring dismissal ''where the notice can be interpreted to apply to an existing appealable order or judgment, if no prejudice would accrue to the respondent'' (pp. 67-68).

We recognize that an appeal from an order sustaining demurrer without leave to amend goes to the core issue which would be determined if the appeal were properly taken from the judgment. In the case at bench, the essential issue is the propriety of the judgment itself, and the order specified on the face of the notice is but peripheral. But the essence of the *Vibert* holding is that mere error by counsel shall not deprive a party of all appeal, in the absence of prejudice to the respondent. Here, the only prejudice asserted by respondent is that he had the burden of moving to dismiss. We do not feel that this has prejudiced respondent in a sense contemplated by *Vibert.*

We warn the bar generally that counsel cannot with any degree of assurance ignore the formal requirements when drawing notices of appeal. *Vibert* quotes another decision (*Evola* v. *Wendt Constr. Co.,* 158 Cal.App.2d 658, 661 [323 P.2d 158]) : ''There may be many situations where a notice of appeal from a nonappealable order cannot and should not be treated to be a notice of appeal from a judgment . . .'' The right way, obviously, is the only safe way to draw a notice of

appeal. Here, however, we feel that the notice should be deemed to constitute an appeal from the judgment.

Motion to dismiss denied.

Brown (H. C.), J., and Bray, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied March 20, 1968.

_____
*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.