[No. B108002. Second Dist., Div. Two. July 2, 1998.]

MARY BRESNAHAN, Plaintiff and Respondent, v.
CHRYSLER CORPORATION et al., Defendants and Appellants.

## COUNSEL

Pillsbury Madison & Sutro, Sidney K. Kanazawa, Kevin Fong and Sabina A. Helton for Defendants and Appellants.

Harvey M. Grossman and Hugh F. Young, Jr., as Amici Curiae on behalf of Defendants and Appellants.

Mukesh Advani, Grayson, Grayson & Mansell and Robert Mansell for Plaintiff and Respondent.

Robert C. Sanders as Amicus Curiae on behalf of Plaintiff and Respondent.

## OPINION

**FUKUTO, Acting P. J.**—Defendants Chrysler Corporation and Barish Chrysler (collectively Chrysler) appeal from judgment after jury trial in a product liability case, awarding plaintiff Mary Bresnahan $49,650 in damages for injuries she suffered when the air bag in her 1988 Chrysler LeBaron convertible deployed after she rear-ended another car.[1] Chrysler contends that the court erred in instructing the jury on the consumer expectations test of design defect, and that the general verdict, rendered upon submission of that theory and also those of risk-benefit design defect and product defect by failure to warn, is unsupported by substantial evidence. The judgment must be affirmed because, Chrysler having eschewed a special verdict, the jury's implied finding of liability for failure to warn is supported by substantial evidence.

### STATEMENT

About 6 p.m. on Sunday, June 3, 1990, plaintiff, age 50 and 5 feet 8 inches tall, was driving her LeBaron, equipped with a driver's side air bag, east on Washington Boulevard in the neighborhood of Marina Del Rey, at between 25 and 30 miles per hour. Plaintiff was wearing her seat belt. She was seated close to the steering wheel, less than a foot away from its air bag cover. Plaintiff testified she had customarily driven this way, because she felt it enhanced her range of vision and sense of control. Plaintiff's model vehicle was one of the first to include an air bag. Chrysler had not provided any warnings that a driver with an air bag should not sit close to the wheel.

Plaintiff became distracted by police vehicle lights on the other side of the boulevard. She then saw another car in front of her. Braking, she rear-ended the vehicle, a Jaguar driven by Dr. Philip Smith. According to Chrysler's expert, the damage to the two cars indicated that plaintiff had tried to steer around the Jaguar. The expert estimated plaintiff's speed at impact at between 16 and 24 miles per hour, with Smith's car having stopped or nearly stopped.

The impact triggered the LeBaron's air bag, which inflated as designed in milliseconds, emerging from the steering wheel at upwards of 100 miles per hour. The bag propelled plaintiff's left arm upward, causing her hand to strike the windshield and her elbow to impact the windshield pillar. Plaintiff's elbow was fractured in three places. She also suffered abrasions of the

---

[1] Chrysler also appeals from denial of its motion for judgment notwithstanding the verdict and denial of its motion for new trial. The latter order is nonappealable, and to that extent the appeal is dismissed.

neck, chin, and chest. Taken to a hospital by ambulance, plaintiff underwent repeated surgeries and manipulations of her elbow over several months, as well as physical therapy for a year.[2]

Plaintiff brought suit on various product liability theories. Much of the testimony at trial concerned the purposes of air bags, their operation, and its predictable consequences. Plaintiff's collision apparently had been at a "barrier equivalent velocity" (BEV) within the range at which Chrysler's air bag had been designed to activate, for the purpose of preventing death from head and chest injuries.[3] The bag was not intended to prevent arm injuries. Indeed, Chrysler's expert testified that such injuries were a predictable, incidental consequence of the bag's deploying for its intended purpose. In particular, he explained, if a driver were seated forward in plaintiff's car, within the first third of the seat's travel range, and with the left hand across the area of the air bag as when making a turn, the exact results as in this case would occur upon deployment: hand thrust into the windshield above, and elbow forced into the windshield pillar.[4]

Testimony also was presented concerning an alternative air bag design, the "dual threshold" system, which would release the bag at different BEV's depending upon whether or not the driver's seat belt were fastened. Chrysler's air bag, and those of almost all other manufacturers, had been designed with a single release threshold in contemplation of the seat belt's not being engaged. Had plaintiff's vehicle included a dual threshold system, set at a higher BEV for a belted driver, the air bag would not have deployed in this collision.

It was further explained that although an air bag is intended to restrain the driver as the crash momentum propels him or her forward, a driver who is seated too close to the steering wheel, from which the bag rapidly emerges, will be struck by it during inflation, causing injury. Plaintiff testified that she would have followed a warning from Chrysler, had it been given, not to sit too close to the wheel because it could cause serious injury.

The case was submitted to the jury on theories of design defect and failure to warn. With respect to design defect, the jury was instructed on both the consumer expectations and risk-benefit theories. ██ Under the consumer

---

[2]About two months after the accident, while the LeBaron was being repaired, plaintiff experienced another air bag deployment, when her Plymouth rental car rear-ended another car that had stopped short for a dog. This time her arm was not further injured.

[3]BEV reflects the impact of crashing into a solid, immovable barrier at a given speed.

[4]Plaintiff testified that her left hand had been on the steering wheel, "probably" between the 9 o'clock and 11 o'clock positions. At her deposition she had been unable to recall the position.

expectations test, a product is defective in design if it fails to perform as safely as an ordinary consumer would expect, while under the risk-benefit test the design is defective if its inherent risk of danger outweighs its benefits. (*Soule* v. *General Motors Corp.* (1994) 8 Cal.4th 548, 562 [34 Cal.Rptr.2d 607, 882 P.2d 298] (*Soule*).) Chrysler objected to instructing on the consumer expectations test, on grounds the evidence did not warrant it.

The jury returned a general verdict for plaintiff. Prior to submission, plaintiff suggested that Chrysler might prefer a special verdict, in view of the several theories of the case, but Chrysler's counsel specifically declined on the record to request a special verdict. At the later hearing of motions for new trial and judgment notwithstanding the verdict, the court reminded counsel of this, and observed that if "there's evidence to sustain any one of these theories then the verdict must be sustained."

## DISCUSSION

█ Chrysler assigns error in instructing the jury on the consumer expectations theory of design defect, and also contends that the verdict and judgment are not supported by substantial evidence of any of the theories on which the case was submitted. Most of these questions need not be addressed, because substantial evidence supports plaintiff's claim and theory of liability for failure to warn.[5]

It is well settled that "Where several counts or issues are tried, a general verdict will not be disturbed by an appellate court if a single one of such counts or issues is supported by substantial evidence and is unaffected by error, although another is also submitted to the jury without any evidence to support it and with instructions inviting a verdict upon it." (*Posz* v. *Burchell* (1962) 209 Cal.App.2d 324, 335-336 [25 Cal.Rptr. 896]; accord, *id.* at pp. 336-337; *Clark* v. *Gibbons* (1967) 66 Cal.2d 399, 415 [58 Cal.Rptr. 125, 426 P.2d 525] (conc. opn. of Tobriner, J.); *Gillespie* v. *Rawlings* (1957) 49 Cal.2d 359, 369 [317 P.2d 601]; *Mouchette* v. *Board of Education* (1990) 217 Cal.App.3d 303, 315 [266 Cal.Rptr. 1]; *Widson* v. *International Harvester Co.* (1984) 153 Cal.App.3d 45, 54 [200 Cal.Rptr. 136]; *McCloud* v. *Roy Riegels Chemicals* (1971) 20 Cal.App.3d 928, 935-937 [97 Cal.Rptr. 910].)

[5]Chrysler's assertion of its sufficiency of evidence challenge is defective in several respects. Notwithstanding the rule that an appellant making such a claim must set forth all of the evidence material to it—potentially on pain of waiver—Chrysler's brief presents only evidence that Chrysler deems favorable to its position. (See Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs 1 (The Rutter Group 1997) ¶¶ 8:69 to 8:71, p. 8-27.) To make matters worse, Chrysler has tendered the sufficiency claim via nine volumes of daily transcript, which are neither consecutively paginated nor comprehensively indexed, in direct violation of California Rules of Court, rule 9(d).

In this case, this means that if the liability theory of defect by failure to warn is supported by substantial evidence, it is immaterial whether the evidence supported either the giving of instructions on the theory of design defect under consumer expectations, or a finding based on it or on the risk-benefit theory. Chrysler recognized the applicability of this rule when the trial court expressed it, as quoted above, and Chrysler's reply brief does not contest plaintiff's statement of it.

Substantial evidence does support the verdict as premised on failure to warn. The evidence disclosed that the air bag on plaintiff's car, like those on other cars, posed substantial risks of causing injuries, including the very injury plaintiff suffered, if the driver were seated close to the steering wheel. Chrysler was on notice of this danger, but plaintiff was unaware of it. The jury therefore could find that plaintiff's vehicle was defective, absent a warning to avoid driving close to the wheel, as plaintiff did. (See *Finn* v. *G. D. Searle & Co.* (1984) 35 Cal.3d 691, 699-700 [200 Cal.Rptr. 870, 677 P.2d 1147].)

Chrysler contends the evidence does not support a determination that the failure to warn caused plaintiff's injuries, notwithstanding the evidence that plaintiff would have followed a warning not to sit close. In particular, Chrysler cites its expert's negative answer to the question, "Does the positioning of the occupant, close or back, eliminate the risk of limb injuries from the air bag?" But this testimony regarding the general risk of "limb injuries" is not dispositive. The witness also opined that it would require a forward seating position to engender the particular impacts and injuries plaintiff suffered. It was well within the realm of reasonable inference for the jury to find that the lack of warning had caused those injuries, and that if plaintiff had been warned to sit back they would not have transpired.

Substantial evidence supports the verdict and judgment based on failure to warn. We therefore need not resolve the issues concerning evidentiary support for the verdict on a design defect theory, and in particular the appropriateness of instructing on the consumer expectations test. However, a few observations regarding that question are in order.

This case has been before us previously. In *Bresnahan* v. *Chrysler Corp.* (1995) 32 Cal.App.4th 1559 [38 Cal.Rptr.2d 446] (*Bresnahan*), we reviewed a judgment of nonsuit on plaintiff's opening statement, which was rendered following a ruling by the trial court (a different judge) that the consumer expectations test could not be employed in determining the case. Although we reversed the nonsuit on other grounds, we also responded to the urgings of both *sides that the* issue of the consumer expectations test's appositeness

to the case be reviewed and resolved. After considering the Supreme Court's then very recent decision in *Soule, supra,* 8 Cal.4th 548, we rejected Chrysler's various arguments that the consumer expectations test was unsuitable for this case. We concluded, "On the record presented, the trial court erred in precluding plaintiff from proceeding under the consumer expectations test. Conceivably, further evidentiary development might yet call for declining to instruct on that test; but we must consider Chrysler's motion *in limine* as presented." (*Bresnahan, supra,* 32 Cal.App.4th at p. 1569.) The Supreme Court denied review.

Chrysler's renewed contention that the consumer expectations test was unsuited to this case is therefore meritless absent a showing that the evidence at trial so departed from the offers of proof and arguments at the time of the original trial court proceedings as to require a different ruling. We do not see any such change. The elaboration at trial of the purposes and functioning of the air bag reflected the same points that Chrysler had adduced in the prior proceedings, and if anything it provided the jury a more informed basis for applying the consumer expectations test. As the Supreme Court stated in *Soule, supra,* 8 Cal.4th at page 569, footnote 6, "We simply hold that the consumer expectations test is appropriate only when the jury, fully apprised of the circumstances of the accident or injury, may conclude that the product's design failed to perform as safely as the product's ordinary consumers would expect." In sum, just as the posture of this appeal does not require further review of the consumer expectations issue, neither does the record reflect that the trial court had any reason to depart from our decision in *Bresnahan, supra,* 32 Cal.App.4th 1559.

### Disposition

The judgment and the order denying motion for judgment notwithstanding the verdict are affirmed.

Nott, J., and Zebrowski, J., concurred.