*18 Opinion
BAXTER, J.
An order denying a motion for new trial is nonappealable. (Rodriguez v. Barnett (1959) 52 Cal.2d 154, 156 [338 P.2d 907] (Rodriguez).) Such an order, however, may be reviewed on appeal from the underlying judgment. (Code Civ. Proc., § 906; Hamasaki v. Flotho (1952) 39 Cal.2d 602, 608 [248 P.2d 910].) In this case, we must decide what should be done when a party’s notice of appeal states only that the appeal is from the order denying a new trial. Should the Court of Appeal summarily dismiss the appeal as being from a nonappealable order? Or should the Court of Appeal construe the notice to encompass the underlying appealable judgment? We conclude that where “ ‘it is reasonably clear what appellant was trying to appeal from’ ” and “no prejudice would accrue to the respondent” (Vibert v. Berger (1966) 64 Cal.2d 65, 68 [48 Cal.Rptr. 886, 410 P.2d 390]), the Court of Appeal should treat the notice as an appeal from the underlying judgment. We therefore reverse the Court of Appeal, which had dismissed the appeal without considering whether the notice satisfied this test.
Background
In October 1997, defendant Los Angeles County Metropolitan Transportation Authority (MTA) terminated plaintiff Renee Walker, who had worked at the MTA as a secretary and administrative assistant. Walker claimed the termination was in retaliation for her cooperation with an investigation conducted by the Office of Inspector General. On January 12, 1999, Walker filed a first amended complaint against the MTA, alleging causes of action for wrongful termination in violation of public policy and a violation of Labor Code section 1102.5, the whistleblower statute.
The case was tried to a jury and, on October 26, 2001, the jury returned a defense verdict. Judgment and the notice of entry of judgment were filed on November 13, 2001.
On December 7, 2001, Walker filed a motion for new trial, asserting claims of jury misconduct, insufficient evidence, and legal and instructional error. Walker also filed a motion for judgment notwithstanding the verdict. On January 3, 2002, the trial court denied both motions.
On February 4, 2002, Walker filed a notice of appeal. The notice stated: “Plaintiff, RENEE WALKER, appeals from the following order made in the above-entitled action: [][] 1) The order denying plaintiff’s Motion for a New Trial, which Motion was heard on January 3, 2002, and which ruling was set forth in a Notice of Ruling, dated January 4, 2002.” The MTA did not file a *19 motion to dismiss the appeal, but instead raised the issue concerning the viability of the notice of appeal as one of several arguments in its opening brief. The Court of Appeal, in a published opinion, dismissed the appeal on the ground that the denial of a new trial is not an appealable order. The Court of Appeal declined to follow Shonkoff v. Dant Inv. Co. (1968) 258 Cal.App.2d 101, 102 [65 Cal.Rptr. 463], which had treated a notice of appeal from an order denying a new trial as an appeal from the underlying appealable judgment.
We granted review to resolve the conflict.
Discussion
“Generally, no order or judgment in a civil action is appealable unless it is embraced within the list of appealable orders provided by statute.” (Lund v. Superior Court (1964) 61 Cal.2d 698, 709 [39 Cal.Rptr. 891, 394 P.2d 707].) With certain exceptions not pertinent here, appealable judgments and orders are listed in Code of Civil Procedure section 904.1. (Rao v. Campo (1991) 233 Cal.App.3d 1557, 1564 [285 Cal.Rptr. 691].) Section 904.1, subdivision (a)(4) makes appealable an order granting a new trial, but it has long been settled that an order denying a motion for new trial is not independently appealable and may be reviewed only on appeal from the underlying judgment. (Hamasaki v. Flotho, supra, 39 Cal.2d at p. 608.) Walker thus plainly erred in seeking to appeal from the January 3, 2002, order denying a new trial rather than from the November 13, 2001, judgment in favor of defendant.
The consequence of that error is an issue that has divided the Courts of Appeal. Where, as here, the sole notice of appeal is from the order denying a new trial, most courts have allowed the appeal to go forward by construing the notice to encompass the underlying judgment. (E.g., Zavala v. Arce (1997) 58 Cal.App.4th 915, 924-925 [68 Cal.Rptr.2d 571]; Tillery v. Richland (1984) 158 Cal.App.3d 957, 962 [205 Cal.Rptr. 191]; LaCount v. Hensel Phelps Constr. Co. (1978) 79 Cal.App.3d 754, 761-762, fn. 3 [145 Cal.Rptr. 244]; Libby v. Conway (1961) 192 Cal.App.2d 865, 867-868 [13 Cal.Rptr. 830]; Shonkoff v. Dant Inv. Co., supra, 258 Cal.App.2d at p. 102.) The Court of Appeal below, however, concluded that it lacked the power to construe the notice of appeal to encompass the judgment. Indeed, in dismissing this appeal, the court said it was “[a]dhering” to our “binding decision” in Rodriguez, supra, 52 Cal.2d 154.
It is true that Rodriguez dismissed an appeal from an order denying a new trial (Rodriguez, supra, 52 Cal.2d at p. 156), in accordance with our *20 long-standing practice. (E.g., City of Los Angeles v. Glassell (1928) 203 Cal. 44, 46 [262 P. 1084].) And it is also true that Rodriguez included “an admonition from the Chief Justice to counsel and to members of the bar generally to cease appealing from such an obviously nonappealable order.” (Rodriguez, supra, 52 Cal.2d at p. 156.) But neither Rodriguez nor our other cases had the effect of closing the doors to the party’s appeal since, in each case, the appealing party had filed both a notice of appeal from the order denying a new trial and a timely notice of appeal from the underlying judgment. “When a party appeals from both appealable and nonappealable orders, courts in this state regularly dismiss the appeal from the latter order.” (Martin v. Johnson (1979) 88 Cal.App.3d 595, 608 [151 Cal.Rptr. 816].) Thus, even though purported appeals from an order denying a new trial have been dismissed, we have nonetheless proceeded in each instance to consider the appeal based on the other, properly filed notice of appeal from the judgment. (Rodriguez, supra, 52 Cal.2d at p. 156; City of Los Angeles v. Glassell, supra, 203 Cal. at p. 46; Roberts v. Colyear (1919) 179 Cal. 669, 670 [180 P. 937]; see also Bresnahan v. Chrysler Corp. (1998) 65 Cal.App.4th 1149, 1151, fn. 1 [76 Cal.Rptr.2d 804]; Jones v. Sieve (1988) 203 Cal.App.3d 359, 363, fn. 2 [249 Cal.Rptr. 821]; Fogo v. Cutter Laboratories, Inc. (1977) 68 Cal.App.3d 744, 748-749 [137 Cal.Rptr. 417].)
In this case, only one notice of appeal was filed, and dismissal would have the effect of completely denying Walker an appeal. These circumstances recall Vibert v. Berger, supra, 64 Cal.2d 65, in which the plaintiff filed a timely notice of appeal from the trial court’s order sustaining a demurrer without leave to amend. As with an order denying a new trial, it is “ ‘hornbook law that [an] order sustaining a demurrer is interlocutory, is not appealable,’ ” but, as with an order denying a new trial, is reviewable on appeal from the judgment. (Id. at p. 67.) Rather than dismiss the appeal, though, Vibert sought to harmonize the hornbook law and former rule 1 of the California Rules of Court “that ‘A notice of appeal shall be liberally construed in favor of its sufficiency.’ ” (Vibert, supra, 64 Cal.2d at p. 67.) Under that rule, “the notice can be interpreted to apply to an existing appealable order or judgment, if no prejudice would accrue to the respondent. Thus, notices of appeal referring to an ‘order’ have been interpreted to apply to a ‘judgment,’ and those referring to a ‘judgment’ to apply to an ‘order,’ ‘so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.’ ” (Id. at pp. 67-68, quoting Luz v. Lopes (1960) 55 Cal.2d 54, 59-60 [10 Cal.Rptr. 161, 358 P.2d 289].)
We find Vibert instructive here. Although the California Rules of Court have since been amended, current rule 1(a)(2)—“The notice of appeal must *21 be liberally construed”—restates the substance of former rule 1. Moreover, Walker has presented a colorable argument that she intended to appeal from the underlying judgment and that the MTA, which filed a respondent’s brief on the merits in the Court of Appeal as well as a counter-designation of the record on appeal, would not be prejudiced by allowing the appeal to go forward. The Court of Appeal therefore erred in dismissing the appeal without considering whether, on these facts, the notice might be construed to encompass the underlying judgment.
Contrary to the MTA’s contention, construing a notice of appeal to encompass the underlying judgment does not “violate” the appellate jurisdiction clause, article VI, section 11 of the California Constitution. Although a reviewing court lacks jurisdiction on direct appeal in the absence of an appealable order or judgment (Griset v. Fair Political Practices Com. (2001) 25 Cal.4th 688, 696 [107 Cal.Rptr.2d 149, 23 P.3d 43]), the basis for jurisdiction was established here by the appealable judgment entered on November 13, 2001. (Jennings v. Marralle (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074] [“The existence of an appealable judgment is a jurisdictional prerequisite to an appeal”].) That judgment also distinguishes this case from those on which the MTA relies, in which a party attempted to appeal from other types of nonappealable orders when no appealable judgment or order had been entered. (E.g., Hill v. City of Long Beach (1995) 33 Cal.App.4th 1684, 1695-1696 [40 Cal.Rptr.2d 125] [citing cases]; Shpiller v. Harry C’s Redlands (1993) 13 Cal.App.4th 1177, 1179-1180 [16 Cal.Rptr.2d 814]; Munoz v. Florentine Gardens (1991) 235 Cal.App.3d 1730, 1731-1732 [1 Cal.Rptr.2d 609].) None of the foregoing cases suggested that a reviewing court lacked discretion to construe a notice of appeal from an order denying a new trial to encompass the existing judgment. (Cf. Hollister Convalescent Hosp., Inc. v. Rico (1975) 15 Cal.3d 660, 669 [125 Cal.Rptr. 757, 542 P.2d 1349] [“Vibert is simply one example of the application of the general and well-established rule that a notice of appeal which specifies a nonappealable order but is timely with respect to an existing appealable order or judgment will be construed to apply to the latter judgment or order”].)
We also reject the MTA’s suggestion that granting appellate courts discretion in this area will undermine the “one final judgment” rule, a fundamental principle of appellate practice that prohibits review of intermediate rulings by appeal until final resolution of the case. (Griset v. Fair Political Practices Com., supra, 25 Cal.4th at p. 697.) The theory underlying the rule “ ‘is that piecemeal disposition and multiple appeals in a single action would be oppressive and costly, and that a review of intermediate rulings should await the final disposition of the case.’ ” (Ibid.) The rule is not endangered *22 here, though, since construing a notice of appeal from an order denying a new trial to be an appeal from the one final judgment risks neither piecemeal disposition nor multiple appeals.
The MTA’s claim that construing the notice of appeal to apply to the underlying judgment “would needlessly cause uncertainty” in our state appellate courts cannot withstand scrutiny. As the Court of Appeal acknowledged, California attorney practice guides already advise that “appellate courts have discretion to ‘save’ an appeal erroneously taken from an order denying a new trial (rather than from the underlying judgment) by construing it as an appeal from the judgment.” (1 Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2003) f 2:143; see also id., f 2:264.) Witkin, too, states that “[a]n order denying a new trial is nonappealable [citation], but a notice specifying the order may be deemed to constitute an appeal from the judgment.” (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 463, p. 513.) Moreover, the federal courts, which similarly are required to liberally construe a notice of appeal (Smith v. Barry (1992) 502 U.S. 244, 248 [116 L.Ed.2d 678, 112 S.Ct. 678]), treat a notice of appeal from an order denying a new trial as being an appeal from the underlying judgment. (11 Wright et al., Federal Practice & Procedure: Civil (2d ed. 1995) § 2818, pp. 192-193 & fn. 11.) Our sister jurisdictions follow the same practice. (E.g., Carpenter v. Hannan (La.Ct.App. 2002) 818 So.2d 226, 228-229; Forte v. Muzi Motors, Inc. (1977) 5 Mass.App.Ct. 700 [369 N.E.2d 1030, 1031-1032, fn. 4].) Our decision thus does no more than ratify existing practice here and elsewhere.
Because “[t]he law aspires to respect substance over formalism and nomenclature” (City of Shasta Lake v. County of Shasta (1999) 75 Cal.App.4th 1, 11 [88 Cal.Rptr.2d 863]), a reviewing court should construe a notice of appeal from an order denying a new trial to be an appeal from the underlying judgment when it is reasonably clear the appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced.[1] Whether that is true of Walker’s notice of appeal shall be for the Court of Appeal to decide on remand.
*23 Disposition
The judgment of the Court of Appeal is reversed and the cause remanded for further proceedings consistent with this opinion.
George, C. J., Kennard, J., Werdegar, L, Chin, J., Brown, J., and Moreno, J., concurred.

 We disapprove the following pre-Vzfceri cases to the extent they are inconsistent with our opinion: Estate of Roberson (1952) 114 Cal.App.2d 267 [250 P.2d 179]; Wilbur v. Cull (1954) 127 Cal.App.2d 655 [274 P.2d 424]; and Estate of Smith (1959) 175 Cal.App.2d 803 [1 Cal.Rptr. 46].