Filed 3/12/21  Wells v. San Francisco Bay Area Rapid Transit Dist. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DONNA WELLS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT,<br><br>        Defendant and Respondent. | A153548<br><br>(City & County of San Francisco Super. Ct. No. CGC-15-545833) |

This is an appeal from judgment in a product liability and premises liability lawsuit brought by plaintiff Donna Wells against defendant San Francisco Bay Area Rapid Transit District (BART).  Plaintiff Donna Wells argues on appeal that "no justice was done" regarding the outcome of her case and that her previous attorney, who was relieved by the trial court as her counsel in 2017, failed to provide proper representation.  We affirm.

**PROCEDURAL AND FACTUAL BACKGROUND**

On May 14, 2015, Wells, represented by counsel, Dean M. Schmidt, filed a complaint against BART asserting causes of action for general negligence, product liability and premises liability.  According to this complaint, on October 19, 2014, Wells was injured at BART's Powell Street Station in San Francisco.  As Wells attempted to pass through the automated exit gate, the gate closed, thereby trapping and crushing her against it.

1

Wells allegedly sustained serious injuries to her hip, back, and leg areas. On November 4, 2015, BART filed an answer to the complaint.

On November 12, 2015, the trial court ordered the parties to arbitration. Plaintiff's counsel thereafter requested and was granted dismissal of her general negligence cause of action with prejudice. Accordingly, the parties proceeded to arbitration on only the product liability and premises liability causes of action.

On May 15, 2017, the arbitrator denied both of Wells's claims and ordered the parties to bear their own costs.

On July 11, 2017, Wells requested a trial de novo after judicial arbitration, which the court set for November 13, 2017.

On July 24, 2017, Schmidt moved to be relieved as counsel on the grounds that Wells failed to inform him that she had a felony conviction for "health fraud." The trial court granted his motion, and Wells appeared in propria persona for the court trial on November 13, 2017. After Wells presented photographic evidence and testified on her own behalf, BART moved for a nonsuit. After briefly taking the matter under submission, the trial court granted BART's motion on December 6, 2017, finding that Wells failed to present sufficient evidence to prove an element necessary to her case, to wit, the existence of a dangerous condition.

On January 23, 2018, the court entered a final judgment in favor of BART and against Wells. Wells filed a timely notice of appeal of the court's December 6, 2017 order, which we interpret to encompass the subsequent January 23, 2018 judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21.)

## DISCUSSION

Wells argues on appeal that "no justice was done regarding the outcome of my case and [I] was represented improperly by my previous attorney Dean M. Schmidt . . . ."

However, under the order and judgment from which Wells has taken an appeal, the trial court granted BART's motion for nonsuit and entered judgment against Wells on one ground—her failure to prove an essential element of her product liability and premises liability case, to wit, a dangerous condition on BART's property. In briefing, Wells offers no legal grounds, much less evidence, for reversing the trial court's finding of insufficient evidence to support her claims. This omission is fatal to her appeal: " 'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; accord, *Gee v. American Realty & Construction, Inc.* (2002) 99 Cal.App.4th 1412, 1416 [appellant has burden to present an adequate record for meaningful review and to affirmatively show error on appeal].)[1]

Nor does Wells's claim that her former attorney, Schmidt, provided improper legal representation provide a basis for reversal. The trial court granted Schmidt's motion to be relieved as Wells's counsel on August 24,

---

[1] Wells argues in her opening brief that the trial court should have selected a later trial date to provide more time for her to gather evidence. However, there is no evidence in the record that Wells requested a continuance from the trial court, much less that she made the appropriate showing to support such a request.

3

2017, based on her failure to disclose a felony conviction for "health fraud." Prior to Schmidt's withdrawal as counsel, Wells raised no challenge regarding the nature of his representation. Nor did she challenge his request to cease representing her. Wells subsequently appeared in propria persona at the trial on her complaint, after which the court granted BART's motion for nonsuit and entered judgment in its favor. It is this order and judgment, issued nearly a year and a half after Schmidt's withdrawal from the case, that is the subject of Wells's appeal. Accordingly, any issue relating to the propriety of Schmidt's legal representation is not properly before this court. (See *Faunce v. Cate* (2013) 222 Cal.App.4th 166, 170 ["We have no jurisdiction over an order not mentioned in the notice of appeal"].)

Accordingly, for the reasons stated, we decline to disturb the trial court's judgment.

## DISPOSITION

The judgment is affirmed.

4

_____
Jackson, J.

WE CONCUR:


_____
Petrou, Acting P. J.


_____
Wiseman, J.*


A153548/*Wells v. San Francisco Bay Area Rapid Transit Dist.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.