Filed 7/1/22  P. v. Bustos CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B311419 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA314861) |
| v. | |
| SANDRA FABIOLA BUSTOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Michael E. Pastor, Judge.  Reversed with directions.

Waldemar D. Halka, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Steven E. Mercer, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Sandra Fabiola Bustos appeals from an order denying her request for resentencing under former Penal Code[1] section 1170, subdivision (d),[2] arguing, among other things, that remand for a new resentencing hearing is necessary under newly enacted Assembly Bill No. 1540. The Attorney General concedes this point, and we agree that the matter must be remanded for a new resentencing hearing in accordance with the newly enacted legislation.

## BACKGROUND

In 2009, a jury convicted Bustos of one count of first degree murder and two counts of premeditated attempted murder, with true findings on firearm and gang allegations on each count. The trial court sentenced Bustos to 50 years to life in prison. In 2011,

---

[1] All further undesignated statutory references are to the Penal Code.

[2] Bustos's notice of appeal states that she appeals only from the February 18, 2021 order denying her section 1170.95 motion. However, by that date, the section 1170.95 motion had been withdrawn, and therefore the trial court only had the occasion to adjudicate Bustos's request for recall and resentencing under former section 1170, subdivision (d)(1). Nonetheless, the court's minute order from that date invokes only section 1170.95. Despite the apparently erroneous citation in Bustos's notice of appeal and the court's minute order, we liberally construe the notice to encompass the determination under former section 1170, subdivision (d)(1), given that it identifies the date of the order being appealed and that the People have suffered no prejudice. (Cal. Rules of Court, rule 8.100(a)(2); *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20.)

a different panel of this division affirmed Bustos's conviction. (*People v. Bustos* (Apr. 21, 2011, B220474) [nonpub. opn.].)

In September 2020, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent the trial court a letter recommending it recall Bustos's sentence and resentence her under former section 1170, subdivision (d)(1) based upon her exceptional conduct while confined.

The parties submitted briefing. The trial court declined to recall the sentence, reasoning that Bustos's time in prison was not free of violations and that the actions that led to her conviction resulted in pain and suffering.

Bustos timely appealed.

## DISCUSSION

Bustos contended in her opening brief that the court committed an assortment of errors in denying recall and resentencing under former section 1170, subdivision (d)(1). While this matter was pending on appeal, the Governor signed Assembly Bill No. 1540 (Reg. Sess. 2021–2022), which became effective January 1, 2022. (Stats. 2021, ch. 719, § 3.1.)

Assembly Bill No. 1540 renumbered section 1170, subdivision (d)(1), as section 1170.03 and made revisions. As revised, section 1170.03, subdivision (a)(2), requires a court to "apply any changes in law that reduce sentences or provide for judicial discretion" when resentencing under the statute. And where, as here, CDCR recommends resentencing, there is a presumption favoring recall and resentencing, which can be overcome if a court finds that the defendant poses an unreasonable risk of danger to public safety. (§ 1170.03, subd. (b)(2).)

3

The parties agree we should reverse the trial court's order and remand the case. In its findings and declarations, the Legislature explicitly stated its intent that these resentencing proceedings "apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (Assem. Bill No. 1540 (2021–2022 Reg. Sess.) § 1(i).) As the Attorney General notes, as the "new version of the statute substantially alter[s] the framework for recall and resentencing," "judicial efficiency" will be served if the trial court considers Bustos's recall request under the terms of the new statute.

## DISPOSITION

We reverse the order denying Sandra Fabiola Bustos's request for recall and resentencing under former Penal Code section 1170, subdivision (d). The trial court is directed to conduct further proceedings in accordance with newly-enacted section 1170.03.

NOT TO BE PUBLISHED.


KIM, J.*


We concur:


EDMON, P. J.              LAVIN, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.