Filed 3/16/26  M.S. v. A.L. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| M.S.,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>A.L. et al.,<br><br>    Defendants and Respondents. | A173953<br><br>(Alameda County<br>Super. Ct. No. HF23135779) |

**MEMORANDUM OPINION**[1]

In this domestic violence restraining order (DVRO) proceeding, plaintiff M.S. appeals from the trial court's denial of his motion for a new trial, which was filed two years after the court issued a DVRO in favor of defendants and respondents A.L. and her then minor son, D.L. (M.S.'s stepson).  M.S. also appeals from the court's order declaring him a vexatious litigant.  We conclude that neither order is appealable and dismiss this appeal.

In March 2023, the trial court granted a five-year DVRO in favor of A.L. and D.L.  M.S. appealed and we affirmed the DVRO in *M.S. v. A.L.* (May 3, 2024, A168075) [nonpub. opn.].

*Two years* later on March 14, 2025, M.S. filed a motion for a new trial

---

[1] We resolve this case by memorandum opinion because it raises no substantial issue of fact or law.  (Cal. Stds. Jud. Admin., § 8.1.)

1

based on "new police evidence obtained." In her responsive declaration, A.L. requested that M.S. be declared a vexatious litigant pursuant to Code of Civil Procedure section 391, subdivision (b)(5).[2] Following oral argument, the trial court denied M.S.'s motion on substantive grounds and declared M.S. a vexatious litigant.[3] The court specifically noted that it was "not going to issue a prefiling order" or an order requiring M.S. "to furnish security" but would consider either order should there be "a subsequent motion." M.S. appealed.

We must dismiss this appeal as it presents no appealable judgments or orders. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126 ["The existence of an appealable judgment is a jurisdictional prerequisite to an appeal" and "[a] reviewing court must raise the issue on its own initiative whenever a doubt exists"].)

First, an order denying a motion for new trial is not directly appealable; it is only reviewable on appeal from the underlying judgment. (*Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 19–20.) M.S., however, already appealed from the underlying judgment—the DVRO—*several years ago*, and we already affirmed that judgment. (*M.S. v. A.L., supra,* A168075.) Moreover, his motion for new trial was untimely (to say the least) and therefore invalid. (§ 659, subd. (a) [party has, at the latest, 180 days after the entry of judgment to file a motion for new trial].) As a result, the motion could not have extended any deadline to appeal from the underlying DVRO. (Cal. Rules of Court, rule 8.108(b) [extending time to

---

[2] All further statutory references are to the Code of Civil Procedure.

[3] In denying the motion for new trial, the trial court concluded M.S. failed to show that: (1) the new evidence could not have been discovered with reasonable diligence earlier; and (2) a different judgment would have resulted had this evidence been presented at trial.

appeal where a party serves a *valid* motion for new trial].)

Second, "an order declaring a person to be a vexatious litigant is not itself appealable." (*In re Marriage of Deal* (2020) 45 Cal.App.5th 613, 618.) The order, however, "may be reviewed 'in conjunction with an appeal from some subsequent otherwise appealable judgment or order.' " (*Id*. at pp. 618–619.) This includes "an order requiring a person to obtain permission from the presiding judge . . . before filing 'new litigation' " because that order "is injunctive in nature and therefore appealable under section 904.1, subdivision (a)(6)." (*Id*. at p. 619.) Here, the trial court only declared M.S. a vexatious litigant under section 391, subdivision (b)(5), and explicitly made no prefiling orders under section 391.7. Accordingly, it is not an appealable order.[4]

## DISPOSITION

The appeal is dismissed.

CHOU, J.

We concur.

JACKSON, P. J.
SIMONS, J.

A173953/ *M.S. v. A.L. et al.*

---

[4] Nothing in this opinion prevents M.S. from appealing the trial court's vexatious litigant finding, should the trial court subsequently issue an appealable order based on that finding, including a prefiling order under section 391.7.

3