Filed 7/19/22  Del Poza v. Lemke CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ELIZABETH S. DEL POZO, as Trustee, etc. et al.<br><br>        Plaintiffs and Respondents,<br><br>    v.<br><br>RICHARD G. LEMKE,<br><br>        Defendant and Appellant. | D078673<br><br><br>(Super. Ct. No. 37-2017-00000227-PR-TR-CTL) |

APPEAL from orders of the Superior Court of San Diego County, Jeffrey S. Bostwick, Judge.  Affirmed.

Richard G. Lemke, in pro. per., for Defendant and Appellant.

Brierton, Jones & Jones, Gary D. Jander and Ricsie M. Hernandez for Plaintiff and Respondent.


Richard G. Lemke, former trustee of the Moore Family Trust, appeals minute orders of the probate court denying his ex parte applications seeking to remove the current trustee.  Lemke has not shown the probate court erred in denying his petitions.  Accordingly, the orders are affirmed.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2004, Marvin G. Moore and Lorraine L. Moore executed the Moore Family Trust. Lorraine had four children, including Chas Moore Rundberg and Diane Marie Ferguson Bosio. Marvin had two children. In 2015, Marvin and Lorraine executed an amendment to the trust appointing Lorraine's daughter Bosio as first successor trustee and her son Rundberg as second successor trustee.

Shortly after Lorraine's death, on November 23, 2015, Marvin executed an amendment to the trust, and appointed Lemke as successor trustee. The following year, on November 29, 2016, Marvin passed away. Bosio and Rundberg initiated the underlying probate case on January 4, 2017 by filing a petition to remove Lemke as trustee. The petition alleged that Lemke, who Bosio and Rundberg had no former knowledge of, was not qualified to serve as trustee and that he was hostile to them as beneficiaries of the trust.

On February 2, 2017, Bosio and Rundberg filed an ex parte application seeking the appointment of an independent fiduciary to serve as trustee and to restrain Lemke from transferring title or managing the trust property. Bosio and Rundberg's application asserted that after filing their petition, Lemke responded that he did not believe they were beneficiaries of the trust and "made clear his intent to deal with the Trust as his own and … informed Petitioners that they may not have any dealings with him or the Trust."

On February 7, 2017, the probate court issued a minute order precluding Lemke from taking any action pertaining to trust assets without the court's permission. Thereafter, Bosio and Rundberg's counsel discovered that Lemke had transferred title to two real properties from the trust to himself, in his individual name, in January 2017. As a result, they brought another ex parte application requesting that the court remove Lemke as

2

trustee and order an immediate accounting of the trust. Lemke, who has not been represented by counsel throughout these proceedings, filed a response to the application asserting that he was the rightful trustee and sole beneficiary of the trust.

On February 14, 2017, after a hearing on Bosio and Rundberg's ex parte application, the court suspended Lemke as trustee and ordered him to return all property and assets to the trust. Bosio and Rundberg then nominated respondent Elizabeth S. Del Pozo, who is a licensed professional fiduciary, to serve as an independent trustee. On March 10, 2017, the court entered an order granting the ex parte application and appointing Del Pozo as the temporary, interim trustee of the Moore Family Trust.

Since that appointment, Lemke has repeatedly sought to remove Del Pozo as trustee, filing his first ex parte application for removal on January 8, 2018. The court denied that application, finding there was no urgency to determine the question on an emergency, ex parte basis. Lemke then appealed from that order, which this court dismissed as nonappealable. In the subsequent years, Del Pozo has remained trustee and managed the assets of the trust under the court's direction. During this time, Lemke has filed various challenges to Del Pozo's actions. In August 2020, the probate court granted Bosio and Rundberg's motion for summary judgment, concluding they are beneficiaries of a portion of the trust based on the first amendment to the trust.

Relevant here, on February 16, 2021, Lemke again sought removal of Del Pozo as trustee by ex parte application. Lemke's application also asserted that the probate court did not have jurisdiction over the trust. On February 23, 2021, the court denied the application on the grounds that Lemke had not demonstrated any urgency to warrant ex parte relief and

3

because he had failed to show any basis for the relief requested. Two days later, Lemke filed another ex parte application, this time seeking "removal of [Bosio and Rundberg's] petition for instructions … to allocate trust assets and to ascertain beneficiaries of decedent's trust" and an order confirming the probate court lacked jurisdiction.

On March 2, 2021, the court denied the ex parte application, again concluding it had jurisdiction over the matter and that it had already adjudicated the issues raised in the application. The same day, Lemke filed a notice of appeal of the court's order. The notice indicated Lemke was also appealing the court's February 23, 2021 order. On April 30, 2021, Lemke filed an additional ex parte application again seeking to remove Del Pozo as trustee. On May 7, 2021, the probate court denied the application, concluding there was "[n]o basis for the request." Lemke filed an additional notice of appeal from this order.

This court assigned a single case number to the notices of appeal filed by Lemke on March 2, 2021 from the March 2, 2021 and February 23, 2021 orders, and on May 7, 2021. After initially dismissing the first notice of appeal as taken from nonappealable orders, we reinstated Lemke's appeal only as to the February 23, 2021 and May 7, 2021 orders. Our reinstatement order, issued on September 10, 2021, also limited the appeal. We stated that "[t]he orders of February 23, 2021 and May 7, 2021 are appealable under Code of Civil Procedure section 904.1, subdivision (a)(10) and Probate Code section 1300, subdivision (g) as the refusal of an application for removal of a fiduciary. [Lemke]'s appeals are reinstated, but are limited to review of only these orders on the issue of removal of a fiduciary."[1]

---

[1]    Lemke's December 29, 2021 and January 10, 2021 motions to augment the record with probate notes are denied.

DISCUSSION

Lemke's opening and reply briefs are difficult to decipher, but appear to argue that the probate court lacked jurisdiction to determine the contest of the Moore Family Trust by Bosio and Rundberg. The briefs do not directly address the issue on appeal as limited by our order, i.e. the denial of Lemke's requests to remove Del Pozo as trustee.

I

As an appellant, Lemke has the burden of providing an adequate record, of showing that an error occurred, and of showing the error was prejudicial. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132.) The arguments on appeal must be restricted to documents in the record, and we generally may not consider references to matters outside the record. (Cal. Rules of Court, rule 8.204(a)(2)(C) [appellant's opening brief must provide a summary of significant facts limited to matters in the record on appeal].) Absent an adequate record to demonstrate error, a reviewing court presumes the judgment or order is supported by the evidence. (*In re Angel L.* (2008) 159 Cal.App.4th 1127, 1136–1137.)

In addition, "[i]n propria persona litigants are entitled to the same, but no greater, rights than represented litigants and are presumed to know the [procedural and court] rules." (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.) For any appellant, "[a]ppellate briefs must provide argument and legal authority for the positions taken. 'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.' " (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.) "We are not bound to develop appellants' arguments for them. [Citation.] The absence of cogent legal

5

argument or citation to authority allows this court to treat the contentions as waived." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119 [lack of reasoned argument may constitute abandonment of appeal, justifying dismissal].)

II

Lemke's briefing seems to primarily challenge the jurisdiction of the probate court. For instance, he describes the issues presented as: "1. Whether or not the California Superior Court County of San Diego Probate Division has jurisdiction over a Trust after final distribution on 1/12/17 after trust was closed? 2. Whether or not former Beneficiary lacked jurisdiction for a failure to contest a Trust within 120 days? 3. Whether or not the former beneficiaries of a Trust lack standing to nominate Elizabeth del Pozo as Temporary Interim Trustee?" Similarly, Lemke's "Summary of Arguments" outlines various assertions as to why the probate court did not have jurisdiction to adjudicate Bosio and Rundberg's petition to remove Lemke as trustee.[2] Lemke's legal discussion consists of the recitation of provisions of the Probate Code and a list of various actions taken by the trial court that Lemke disagrees with. He provides no legal argument addressed to the court's rejection of his ex parte applications seeking removal of Del Pozo.

As an initial matter, we decline to consider Lemke's challenges to the probate court's jurisdiction to determine Bosio and Rundberg's petition to remove Lemke as trustee. An appealable order is essential to appellate jurisdiction, and an order is not appealable unless expressly made so by

---

[2] Lemke does assert once that Del Pozo should be "removed as Interim Trustee of the nonexistent Moore Family Trust," but he provides no explanation or legal basis to support this assertion.

6

statute. (*Griset v. Fair Political Practices Commission* (2001) 25 Cal.4th 688, 696; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126.) Under Code of Civil Procedure section 904.1, subdivision (a)(10), an appeal may be taken "[f]rom an order made appealable by the provisions of the Probate Code[.]" (Prob. Code, §§ 1300 et seq.) As we previously determined, there is no statutory basis for this court to address Lemke's ex parte requests challenging the probate court's jurisdiction to consider Bosio and Rundberg's petition to remove Lemke as trustee. For this reason, Lemke's challenges to the probate court's jurisdiction over the trust are dismissed.[3] (See *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 20 [" 'When a party appeals from both appealable and nonappealable orders, courts in this state regularly dismiss the appeal from the latter order.' "].)

However, Probate Code section 1300, subdivision (g) authorizes appeals from an order of the probate court "[s]urcharging, removing, or discharging a fiduciary." (See *McDonald v. Structured Asset Sales, LLC* (2007) 154 Cal.App.4th 1068, 1072 [generally, a ruling in a probate proceeding is not appealable unless expressly made appealable by statute].) Accordingly, our September 10, 2021 order limited Lemke's appeal to the February 23, 2021 and May 7, 2021 orders denying his ex parte applications to remove Del Pozo.

---

[3]    Even if we were to consider the jurisdictional arguments contained in Lemke's briefing, Lemke has not provided us with any reasoned basis from which to conclude the court lacked jurisdiction. Rather, as the probate court determined at the time it granted Bosio and Rundberg's motion for summary judgment, it has jurisdiction over this matter because the litigation concerns the internal affairs of the trust and the parties' interests in the trust. (See Prob. Code, §§ 17000, 17003; *Van Buskirk v. Van Buskirk* (2020) 53 Cal.App.5th 523, 531 ["California courts may exercise jurisdiction to determine matters concerning trust property located in California[.]"].)

Construing Lemke's appeal as a challenge to the probate court's denial of his requests to remove Del Pozo, we must conclude the challenge is forfeited. Lemke provides no reasoned argument, or discernable basis on which to reverse the trial court's denial of his request to remove Del Pozo. Critically, he has not explained why the court's decisions were in error. (See Cal. Rules of Court, rule 8.204(a); *Okorie v. Los Angeles Unified School Dist.* (2017) 14 Cal.App.5th 574, 600 ["[m]atters not properly raised or that are lacking in adequate legal discussion will be deemed forfeited. [¶] … [I]t is not this court's role to construct theories or arguments that would undermine the judgment and defeat the presumption of correctness. Rather, an appellant is required to present a cognizable legal argument in support of reversal of the judgment."].)

We understand Lemke is self-represented and appreciate the difficulties posed by this position. However, he remains bound by the rules of appellate procedure and must present an argument for reversal supported by the record and applicable legal authority. The absence of any cogent legal argument requires us to presume the trial court's order is correct. (See *Foust v. San Jose Construction Co., Inc.* (2011) 198 Cal.App.4th 181, 187 [It is a "cardinal rule of appellate review that a judgment or order of the trial court is presumed correct and prejudicial error must be affirmatively shown."].) Accordingly, we affirm the orders denying Lemke's ex parte applications.[4]

---

[4]     We also note for the probate court (and future litigation in this court), that Lemke's repeated meritless challenges to the court's orders may warrant a determination under Code of Civil Procedure section 391 that Lemke is a vexatious litigant.

DISPOSITION

The orders are affirmed.  Respondent to recover the costs of appeal.


McCONNELL, P. J.

WE CONCUR:


HALLER, J.


DATO, J.

9