Filed 2/28/14  Yeager v. Virgin America CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES E. YEAGER,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>VIRGIN AMERICA, INC., et al.,<br><br>        Defendants and Respondents. | A136601<br><br>(City & County of San Francisco<br>Super. Ct. No. 495611) |

This appeal challenges a judgment dismissing the complaint after the court entered an order enforcing a settlement.  Because the plaintiff has accepted the benefits of the settlement, we conclude the appeal is moot and must be dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

As set forth in the complaint, plaintiff General Charles E. "Chuck" Yeager is a celebrated test pilot who achieved fame as the first person to travel faster than the speed of sound.  Yeager alleged in his complaint that defendant Virgin America, Inc. (Virgin America) used his name in an advertisement for its onboard WiFi service.  He further alleged that Virgin America did not have permission to use his name and did not compensate him for the unauthorized commercial use of his publicity rights.  His complaint contained statutory and common law causes of action premised on the violation of the right of publicity.

During the pendency of Yeager's action against Virgin America, the law firm of DLA Piper LLP, as counsel for Connie Bowlin, filed a notice of lien in the trial court in the amount of $275,597 (the "Bowlin lien").  The Bowlin lien arose out of another right

1

of publicity case brought by Yeager in federal court. The documents submitted with the Bowlin lien reveal that the federal district court awarded summary judgment to the defendants and directed Yeager to pay attorney fees and costs totaling over $275,000. The Bowlin lien afforded priority to Bowlin, the lienholder, with respect to any judgment for money or property that might be awarded to Yeager in his action against Virgin America.

In July 2011, the attorneys representing Virgin America and Yeager reached a settlement. The settlement was reduced to a document entitled "Settlement Agreement and Release" (initial settlement) that Yeager signed on July 11, 2011. The initial settlement provided, in relevant part, that Yeager agreed to dismiss the action with prejudice within 48 hours after "funding and payment of the settlement . . . ." As part of the initial settlement, Virgin America agreed to pay $250,000 to Yeager and Wilcoxen Callaham, LLP, Yeager's attorneys at the time the matter was settled.[1] The initial settlement provided that it would not become effective until the parties executed "a standard release to be provided by defendant VIRGIN AMERICA, INC."

Following execution of the initial settlement, the attorneys for Yeager and Virgin America drafted a further settlement agreement entitled "Full Release and Settlement Agreement" (full release). The full release contained many of the same provisions as the initial settlement, although the differences between the two agreements were not limited to the scope of the release. As relevant here, the full release provided that the payment of $250,000 was to be made to Yeager, Yeager's attorneys, and to DLA Piper LLP, the attorneys for lien claimant Bowlin. Consequently, unlike the initial settlement, which

---

[1]The terms of the settlement are purportedly confidential, and Virgin America secured an order sealing the settlement in the trial court. However, Yeager disclosed the amount of the settlement in his opening brief. Further, Virgin America has recently filed pleadings in the public record in this appeal disclosing the amount of the settlement, and it appears that the amount of the settlement is also a matter of public record in an action filed in Sacramento County. By their actions, the parties have waived any claim of confidentiality associated with the amount of the settlement.

provided for payment solely to Yeager and his attorneys, the full release added as a payee the attorneys for the lienholder, Bowlin.

Yeager refused to sign the full release and refused to endorse the settlement check, which was made jointly payable to Yeager, his attorneys, and DLA Piper LLP, the attorneys for lien claimant Bowlin. Yeager also failed to file a request for dismissal with prejudice of his action against Virgin America.

In November 2011, Virgin America filed a motion to enforce the settlement with Yeager. Virgin America requested that the court enter a judgment of dismissal pursuant to the terms of the full release. At the same time, Virgin America filed a motion to place the confidential initial settlement and full release under seal. The trial court granted the motion to seal in February 2012. According to Virgin America, because its counsel had failed to provide the department to which the matter was assigned a courtesy copy of the motion to enforce the settlement, the court denied the motion without prejudice.[2]

Virgin America renewed its motion to enforce the settlement in June 2012. As before, Virgin America requested that the court enter a judgment of dismissal pursuant to the terms of the full release. In its brief, Virgin America argued that Yeager was legally obligated to settle the case under the terms of the initial settlement, which in turn anticipated that the parties would execute a more expansive general release. Virgin America contended that the full release should be "deemed signed" by Yeager.

Yeager, who was at the time representing himself in propria persona, filed an opposition to the motion that included a request to file a supporting declaration under seal. Although Yeager's opposition brief referred to facts contained in the declaration, he did not serve his declaration on opposing counsel or respond to requests to provide a copy of the declaration to counsel for Virgin America. In his opposition brief, Yeager argued that Virgin America sought to enforce a settlement agreement other than the one he signed. He also contended that he signed the initial settlement under duress and that

---

[2]The order denying the first motion to enforce the settlement is not a part of the record on appeal.

3

his consent was premised upon facts that had been intentionally misrepresented to him, including that the Bowlin lien could be satisfied for $50,000.

On July 24, 2012, the court filed a written order granting the motion to enforce the settlement. In its order, the court indicated it did not consider Yeager's declaration, which had not been served on counsel for Virgin America. The court construed the motion to enforce the settlement as a "motion to, in effect, dismiss," and consequently directed that the complaint be dismissed. The court's order does not clarify whether the court was directing enforcement of the initial settlement or the full release. Virgin America was directed to prepare a judgment. In addition, the court denied various sealing requests submitted by Virgin America and Yeager.

On August 7, 2012, Virgin America filed a judgment of dismissal with prejudice. Notice of entry of the judgment was served on Yeager on August 10, 2012.

Yeager filed a timely notice of appeal on September 18, 2012. In the notice of appeal, Yeager purports to appeal from the order enforcing settlement entered by the trial court on July 24, 2012.

## DISCUSSION

On appeal, Yeager contends the court erred in ordering the enforcement of an unsigned settlement agreement that had materially different terms than the agreement he signed. He also claims the court erred in considering evidence first proffered in a reply brief and in reversing its tentative decision after an improperly noticed request for oral argument. As we explain, it is unnecessary to consider the substance of Yeager's claims because the appeal has been rendered moot.

1.    *Appealability*

At the outset, we address Virgin America's argument that we should dismiss the appeal because it is taken from the order enforcing the settlement, which is a nonappealable order. Virgin America contends that, under the rationale of *Good v. Miller* (2013) 214 Cal.App.4th 472, we should decline to exercise our discretion to salvage Yeager's defective appeal.

4

In *Good v. Miller,* the appellant purported to appeal from a nonappealable order that the appellant mischaracterized as an order dismissing the respondent from the case. (*Good v. Miller, supra,* 214 Cal.App.4th at pp. 472, 474–475.) At the time the notice of appeal was filed, no judgment had been filed. (*Id.* at p. 474.) It was only after the notice of appeal was filed that an appealable judgment was entered. (*Ibid.*) The respondent repeatedly pointed out that appellant noticed his appeal from a nonappealable order. (*Id.* at p. 475.) Nevertheless, appellant did nothing to correct the error and incorrectly asserted in his opening brief that the appeal was timely filed following entry of judgment. (*Id.* at p. 474.) The appellate court noted it had discretion to save the premature appeal but declined to do so, reasoning that (1) appellant had not asked the court for that relief, (2) appellant had ignored the defect despite the fact that respondent had repeatedly raised the issue, and (3) appellant misstated the facts concerning appealability in his opening brief. (*Id.* at pp. 476–477.)

Here, unlike in *Good v. Miller*, there was a final, appealable judgment on file at the time Yeager filed his notice of appeal. The appeal was not premature. Consequently, there is no reason for this court to exercise our discretion in order to salvage a premature appeal and ensure that we have jurisdiction to consider the matter. Rather, the defect in the notice of appeal here was that Yeager incorrectly stated he was appealing from the order enforcing the settlement instead of the subsequent judgment, which had been entered before Yeager filed his notice of appeal. The Supreme Court addressed a similar situation in *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15. There, the appellant filed a notice of appeal from an order denying a new trial, which is a nonappealable order. (*Id.* at p. 18.) However, such an order may be reviewed in an appeal from the underlying judgment. (*Ibid.*) At the time the appellant filed the appeal, the appealable judgment had already been entered. The court held that, "[b]ecause '[t]he law aspires to respect substance over formalism and nomenclature' [citation], a reviewing court should construe a notice of appeal from an order denying a new trial to be an appeal from the underlying judgment when it is reasonably clear the

5

appellant intended to appeal from the judgment and the respondent would not be misled or prejudiced." (*Id.* at p. 22.)

The same principle applies here. It is abundantly clear that Yeager sought to appeal from the judgment of dismissal. Indeed, the judgment of dismissal is included in the appendix filed by Yeager. Further, there is no indication that Virgin America was misled or suffered any prejudice as a result of Yeager's error in identifying the subject of the appeal. No purpose would be served by dismissing the appeal on the ground the notice of appeal purports to appeal from a nonappealable order instead of the subsequently entered judgment.

**2.      *Mootness***

Virgin America claims the appeal is moot because the settlement proceeds have been distributed during the course of the appeal and Yeager has expressly disclaimed any interest in the proceeds. As we explain, we agree with Virgin America that Yeager's actions have rendered the appeal moot.

As support for its mootness claim, Virgin America has asked this court to take judicial notice of pleadings filed by the Bowlin lien claimant in a separate action entitled *Bowlin et al. v. Wilcoxen Callaham, LLP, et al.*, Sacramento County Superior Court No. 34-2013-00148023 (Sacramento County action). As a general matter, reviewing courts do not take judicial notice of matters not presented to the trial court. (*Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3.) The rule is flexible, however, and does not prevent a reviewing court from considering postjudgment events that render an appeal moot. (See *Reserve Ins. Co. v. Piscotta* (1982) 30 Cal.3d 800, 813.) In this case, it is appropriate to take judicial notice of pleadings in the Sacramento County action demonstrating that the issues raised in this appeal have been rendered moot.[3]

---

[3]At the request of Virgin America, we take judicial notice of the following pleadings filed in the Sacramento County action: (1) Complaint for Declaratory Relief, (2) Stipulation for Judgment, and (3) Notice of Entry of Dismissal. (Evid. Code, §§ 452, subd. (d), 459.)

The documents filed in the Sacramento County action establish that Bowlin and other judgment creditors (collectively referred to as "Bowlin") filed a lawsuit in July 2013 against Yeager and his former attorneys, Wilcoxen Callaham, LLP, concerning the disposition of the $250,000 settlement proceeds in this action. As set forth in the complaint, the $250,000 settlement check was made payable jointly to Yeager, his former counsel, and DLA Piper LLP, counsel for the Bowlin lien claimant. Bowlin sought a declaration that the entire amount of the settlement balance of $250,000 was payable to Bowlin as a result of the priority afforded by the Bowlin lien. On October 1, 2013, Yeager and Bowlin filed a stipulation for judgment in the Sacramento County action. In the stipulated judgment, Yeager did not contest that Bowlin is entitled to the full amount of the settlement balance of $250,000. As part of the stipulated judgment, Yeager disclaimed "any interest or right to any portion" of the settlement balance of $250,000, while purportedly reserving his claims in this appeal. The entire Sacramento County action was subsequently dismissed with prejudice on October 9, 2013.

"It is the general rule that the voluntary acceptance of the benefit of a judgment or order is a bar to the prosecution of an appeal therefrom. [Citations.] The reason for the rule is that the right to accept the fruits of the judgment and the right to appeal therefrom are wholly inconsistent, and an election to take one course is a renunciation of the other [citation]; an acceptance by the appellant of the benefits of a judgment constitutes 'his affirmance of the validity of the judgment against him.' " (*Al J. Vela & Associates, Inc. v. Glendora Unified School District* (1982) 129 Cal.App.3d 766, 769; see also *Mathys v. Turner* (1956) 46 Cal.2d 364, 365.) "An exception to the general rule exists where the appellant is concededly entitled to the benefits which are accepted and a reversal will not affect the right to those benefits." (*Mathys v. Turner, supra,* at p. 365.)

We conclude that dismissal is appropriate here because Yeager accepted the benefits of the settlement. As established in the Sacramento County action, the Bowlin lien claimant received the entirety of the settlement proceeds. Yeager disclaimed any interest in the proceeds. Although Yeager did not keep any of the settlement proceeds, he nonetheless benefitted from the settlement because the proceeds were used to reduce the

7

debt he owes to Bowlin. If Yeager wished to preserve his rights in this appeal, he could have sought a stay to preserve the status quo and prevent Bowlin from asserting a claim to the proceeds. There is no indication that he sought such a stay. Yeager's agreement to award the entirety of the settlement proceeds to Bowlin and to disclaim any interest in the proceeds is fundamentally inconsistent with his challenge to the settlement in this appeal. He cannot, on the one hand, agree that the settlement proceeds are properly distributed to his judgment creditors in order to reduce a debt he owes, and, on the other hand, seek to unwind the settlement on the ground he did not consent to its terms.

It is immaterial that Yeager purported to reserve his rights to pursue this appeal in the stipulated judgment in the Sacramento County action. Further, because a reversal of the judgment would necessarily affect Yeager's right to the benefits of that judgment, he cannot claim that he falls within some exception to the rule mandating dismissal when a party accepts the benefits of a judgment. Under the circumstances presented here, Yeager's actions have rendered the appeal moot.

### 3.     *Request to strike and for other sanctions*

During the pendency of this appeal, Virgin America filed a request to strike portions of appellant's appendix, to strike all or portions of Yeager's opening brief on appeal, and for other sanctions, including dismissal. The gravamen of Virgin America's complaint is that Yeager included documents in his appellant's appendix that were not filed or lodged in the trial court, including an unfiled request for judicial notice together with exhibits consisting of unredacted copies of the initial settlement and the full release. Virgin America further claims the initial settlement and full release are the subject of a sealing order and should not have been submitted to this court for filing in the public record.

Because we are dismissing the appeal on the ground Yeager accepted the benefits of the settlement, we shall deny as moot the request to strike the appendix and brief or, alternatively, dismiss the appeal on the ground Yeager submitted and cited to an appendix that violates the California Rules of Court. Suffice it to say that we have not considered or relied upon documents that may have been improperly included in the appellant's

8

appendix. Insofar as Virgin America requests monetary sanctions for the rules violation, the request is denied. Virgin America's main complaint appears to be that Yeager filed unredacted versions of the initial settlement and the full release in the public record. These documents are properly part of the record on appeal, although they should have been filed under seal in this court. (See Cal. Rules of Court, rule 8.46(b)(1) [record sealed in trial court must remained sealed on appeal unless reviewing court orders otherwise].) By separate order, we shall direct the clerk of the court to remove the unredacted copies of the initial settlement and full release from the appellant's appendix and place them under seal in this court.

### DISPOSITION

The appeal is dismissed. Each party shall bear its own costs on appeal.

_____
McGuiness, P.J.

We concur:

_____
Pollak, J.

_____
Siggins, J.