Filed 5/23/25  Conservatorship of the Person and Estate of Mercado CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| Conservatorship of the Person and Estate of MARTIN MERCADO. | |
| | D084147 |
| ALICIA MERCADO, | |
| Appellant, | |
| v. | (Super. Ct. No. 37-2015-00042004-PR-LP-CTL) |
| JULIA HERNANDEZ, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Daniel S. Belsky, Judge.  Affirmed.

Alicia Mercado, in pro. per., for Appellant.

No appearance for Respondent.

Appellant Alicia Mercado, a self-represented litigant, appeals from a March 6, 2024 order in part denying her amended petition to create a special needs trust for conservatee Martin Mercado, ordering that certain guardian ad litem fees be deferred pending the filing of a new petition for a pooled special needs trust, and ordering the conservatee's court appointed attorney

be paid $3634.42 in fees.[1]  As best we can glean from her opening brief, appellant contends the conservatee was legally entitled to establish a special needs trust; she as the conservator had authority to create such a trust and her amended petition was compliant with specified Rules of Court as well as Social Security Administration requirements; the probate court failed to consider certain factors under Probate Code sections 2582, 2583 and 2580; and the court, "under undue influence," erred by misinterpreting or misapplying the law when it denied her amended petition.  The hearing at which the court made these orders was not reported.

Though we conclude the probate court's order denying appellant's amended petition is appealable under Probate Code section 1301, absent a reporter's transcript of the hearing on her request, we cannot review her claims and presume the court did not abuse its discretion.  To the extent appellant appeals from the order for court appointed counsel's payment, we conclude she has not demonstrated error.  We affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND[2]

In 2015, Julia Hernandez petitioned for a limited conservatorship for the person of her son, Martin Mercado, and the probate court eventually named Hernandez, as well as appellant and Roxana Hernandez co-limited conservators.

---

[1]    The respondent, Julia Hernandez, has not filed a brief, but that does not relieve us from addressing this appeal.  (See *In re Bryce C.* (1995) 12 Cal.4th 226, 232-233 ["if the respondent fails to file a brief, the judgment [or order] is not automatically reversed"]; *In re Marriage of Everard* (2020) 47 Cal.App.5th 109, 111, fn. 1.)

[2]    Appellant designated a very limited appellate record, so some of the background facts and procedure are taken from the register of actions.

2

In December 2022, the court appointed appellant, then represented by attorney Merianne Dean, as the limited conservator of the conservatee's estate. In March 2023, appellant substituted Dean out as counsel and began representing herself. At the same time, the court appointed counsel for the conservatee.

In September 2023, appellant filed a petition for a "substituted judgment to create and fund [a] special needs trust and [to] execute [a] new will." At some point thereafter, the court appointed a guardian ad litem for the conservatee.

In December 2023, appellant filed an amended petition for a special needs trust. At that time, the court set a March 6, 2024 hearing on appellant's petition. In advance of the hearing, both the conservatee's guardian ad litem and court appointed counsel respectively filed their second and third reports.[3]

Observing that the conservatee's estate contained approximately $90,000, the conservatee's attorney recommended it was in his best interest to establish a special needs trust, and that there were two proposed versions of such a trust. Counsel recommended that the "first version initially filed on or about [September 6, 2022,] be approved." She asked the court to approve 12 hours for her services at a discounted $300 hourly rate, plus costs, for a total payment from the conservatee's estate of $3,634.42.

The guardian ad litem also recommended a special needs trust be established, but stated "it appears a pooled [special needs trust] is a more appropriate and cost effective vehicle." She reported she had shared her view with appellant. The guardian ad litem pointed out that probate notes

---

[3]  Appellant did not designate for the record the guardian ad litem's or court appointed counsel's prior reports to the probate court.

indicated that the appellant's amended petition "continues to reflect numerous defects," and "of particular concern, is that the first version of the proposed [special needs trust] was signed, despite [appellant] not having the requisite authority to do so at that time. [Appellant] now seeks to have the court approve the establishment of an amended [special needs trust], that is unsigned, despite the existence of the previous signed version." She recommended: "To the extent the court is presently willing to approve either of the proposed [special needs trusts] provided by [appellant], I recommend the court approve the [special needs trust] [appellant] initially provided, despite the improper execution. The first iteration of the [special needs trust] appears to have been drafted with the assistance of counsel and complies with the general requirements of a [special needs trust]. The amended [special needs trust] is more convoluted and frankly confusing as it appears to include language intended to address defects related to [appellant's] initial petition. Further, if the first iteration of the [special needs trust] has already been funded, the creation of a new [special needs trust] may cause serious issues for [the conservatee] due to the payback provisions included therein." Neither the original or amended petitions, nor the trusts themselves, are in the appellate record.

On March 6, 2024, the probate court denied appellant's amended petition. It ordered the conservatee's court appointed counsel be paid her requested fees. It further ordered guardian ad litem fees to be "deferred until [a] petition is filed by [appellant] re: establishing a [special needs] pooled trust."

Appellant filed this appeal from the March 6, 2024 order.

4

DISCUSSION

I. *Appealability and Principles of Appellate Review*

"A reviewing court has jurisdiction over a direct appeal only when there is (1) an appealable order or (2) an appealable judgment." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765 ["Appellate courts have jurisdiction over a direct appeal . . . only where there is an appealable order or judgment"].) An order is appealable when it is made so by statute. (*Griset*, at p. 696.)

These principles apply in the probate context. Code of Civil Procedure section 904.1 provides that an appeal may be taken "[f]rom an order made appealable by the provisions of the Probate Code . . . ." (Code Civ. Proc., § 904.1, subd. (a)(10); see Prob. Code, § 1300 et seq.) "Generally, a ruling in a probate proceeding is not appealable unless expressly made appealable by statute." (*McDonald v. Structured Asset Sales, LLC* (2007) 154 Cal.App.4th 1068, 1072, citing *In re Estate of Martin* (1999) 72 Cal.App.4th 1438, 1441-1442.) Interlocutory, i.e. nonfinal or intermediate, orders are generally not appealable. (*In re Baycol Cases I and II* (2011) 51 Cal.4th 751, 754 ["The right to appeal in California is generally governed by the 'one final judgment' rule, under which most interlocutory orders are not appealable"]; *Walker v. Los Angeles County Metropolitan Transportation Authority* (2005) 35 Cal.4th 15, 21 [explaining the one final judgment rule as prohibiting "review of intermediate rulings by appeal until final resolution of the case"].)

Appealability is determined by an order's legal effect, not its form. (*Estate of Martin, supra*, 72 Cal.App.4th at p. 1442.) "In 'determining whether a particular decree is essentially interlocutory and nonappealable, or whether it is final and appealable . . . [i]t is not the form of the decree but the

5

substance and effect of the adjudication which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory.' " (*Belio v. Panorama Optics, Inc.* (1995) 33 Cal.App.4th 1096, 1101-1102, quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 669-670; see also *Walker v. Los Angeles County Metropolitan Transportation Authority*, *supra*, 35 Cal.4th at p. 22 [in the context of assessing appealability, " '[t]he law aspires to respect substance over formalism and nomenclature' "]; *Peninsula Properties Co. v. Santa Cruz County* (1951) 106 Cal.App.2d 669, 678 ["an appellate court must determine from the substance and effect of the order or judgment whether it is final or interlocutory"; "The label placed upon the order or judgment by the trial court is not conclusive"].)

Well-established appellate rules require that all factual statements in an appellate brief be supported by citations to the record and all factual assertions be confined to matters in the appellate record. (Cal. Rules of Court, rule 8.204(a)(1)(C); see *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003.) We disregard all factual statements or legal contentions not part of the record on appeal. (*Ibid*.)

When we review an appealable probate court order, we apply the fundamental principle that the order is presumed to be correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *Conservatorship of Tedesco* (2023) 91 Cal.App.5th 285, 292, fn. 4.) It is the appellant's burden to affirmatively show error. (*Denham*, at p. 566.) In doing so, she must provide an adequate

6

record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Association* (2023) 94 Cal.App.5th 1050, 1070.) " 'We cannot presume error from an incomplete record.' " (*Reales Investment, LLC v. Johnson* (2020) 55 Cal.App.5th 463, 468.)

Appellants typically provide a reporter's transcript of oral proceedings on appeal, but if they do not or cannot, they may submit an agreed or settled statement. (Cal. Rules of Court, rules 8.134 & 8.137; see *Leslie v. Roe* (1974) 41 Cal.App.3d 104.) While a reporter's transcript "may not be necessary if the appeal involves legal issues requiring de novo review," when a case involves review for substantial evidence or abuse of discretion, "a reporter's transcript or an agreed or settled statement of the proceedings will be indispensable." (*Southern California Gas Co. v. Flannery* (2016) 5 Cal.App.5th 476, 483.) And an appellant bears the burden to provide such a record if he or she " ' "intends to raise any issue that requires consideration of the oral proceedings in the superior court . . . ." ' " (*Ibid.*; *Sanowicz v. Bacal* (2015) 234 Cal.App.4th 1027, 1034, fn. 5, citing Cal. Rules of Court, rule 8.120(b).) These "rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

## II. *Special Needs Trusts*

"A special needs trust is used to set aside assets to pay for the special medical needs of a severely disabled beneficiary." (*Gonzalez v. City National Bank* (2019) 36 Cal.App.5th 734, 743, citing *Conservatorship of Kane* (2006) 137 Cal.App.4th 400, 405; see also *McGee v. State Dept. of Health Care Services* (2023) 91 Cal.App.5th 1161, 1164; *McMillian v. Stroud* (2008) 166 Cal.App.4th 692, 695, fn. 2 ["Generally, a special needs trust is intended to 'allow[ ] the beneficiary to maintain eligibility for certain needs-based

government benefits, such as Medi-Cal' "].) "Specifically, federal law authorizes a severely disabled individual under the age of 65 to shelter his or her assets in a safe-harbor trust established for the individual's sole benefit by the individual (the trust beneficiary), the beneficiary's parent, grandparent, or legal guardian, or by a court. The trust assets are not considered to be the beneficiary's resources when determining whether the beneficiary qualifies to receive needs-based public assistance, in particular supplemental security income (SSI) and Medi-Cal. The beneficiary may shelter the assets in the special needs trust on condition the state will receive all amounts remaining in the trust upon the beneficiary's death or the trust's termination up to the amount of Medi-Cal benefits the state paid for the beneficiary." (*McGee*, at p. 1164.)

The provisions of Probate Code section 2580 are available to establish a special needs trust for the beneficiary of an inheritance (*Conservatorship of Kane, supra*, 137 Cal.App.4th at p. 406), as appellant claims the conservatee is here. "[Probate Code s]ection 2580, subdivision (b), provides authority for any order that 'may include, but is not limited to' a variety of enumerated actions. Among the enumerated actions, subdivision (b)(5)[ ] provides for an order for the creation of trusts, including certain types of special needs trusts for the benefit of persons with special medical or health needs: 'Creating for the benefit of the conservatee or others, revocable or irrevocable trusts of the property of the estate, which trusts may extend beyond the conservatee's disability or life.' " (*Conservatorship of Kane*, at p. 406.) Section 2580 authorizes a probate court to substitute its judgment for that of a conservatee (*id*. at p. 403), which is the vehicle for such a trust's creation. (*Id*. at p. 407.)

8

Other probate code sections set out the procedures and standards for deciding a petition to create a special needs trust.[4]

Though the jurisdiction and authority of a probate court to create a special needs trust presents a pure question of law (*Conservatorship of Kane*, *supra*, 137 Cal.App.4th at p. 405), "[i]t is for the probate court, in the first instance, to exercise its discretion as to whether such a trust should be created, based upon the facts placed in the record." (*Id.* at p. 408.)

III. *Order Denying Appellant's Amended Petition for Special Needs Trust*

At the outset, we must address appealability because it implicates our fundamental jurisdiction. (See *Griset v. Fair Political Practices Com.*, *supra*, 25 Cal.4th at p. 696; *Jennings v. Marralle, supra*, 8 Cal.4th at p. 126.)[5] As summarized above, in its March 6, 2024 order the court denied appellant's amended petition for a special needs trust, then ordered guardian ad litem

---

[4] "[Probate Code s]ection 2582 provides that the court may make an order for substituted judgment only if it determines that the conservatee either is not opposed to the order or, if opposed, lacks legal capacity. [Probate Code s]ection 2582 also provides that the court must determine either that the action will have no adverse effect upon the estate, or that the remaining estate will be adequate for the needs of the conservatee. [Probate Code s]ection 2583 provides that, in deciding a motion for substituted judgment, the court should consider all other relevant circumstances, including but not limited to various enumerated circumstances. One such consideration is '[t]he minimization of current or prospective income, estate, inheritance, or other taxes . . . .' ([Prob. Code,] § 2583, subd. (i).) Finally, [Probate Code] section 2584 states: 'After hearing, the court, in its discretion, may approve, modify and approve, or disapprove the proposed action and may authorize or direct the conservator to transfer or dispose of assets or take other action as provided in the court's order.' " (*Conservatorship of Kane, supra,* 137 Cal.App.4th at p. 404.)

[5] Appellant includes a "Statement of Appealability" in her brief, but merely repeats her contentions as to how the probate court assertedly erred.

fees deferred until appellant filed a petition establishing a special needs *pooled* trust.

Given these principles, we could conclude on the one hand that the probate court's March 6, 2024 order denying appellant's amended petition is appealable under Probate Code section 1301, which provides that "[w]ith respect to . . . conservatorships . . . , the grant or refusal to grant the following orders is appealable:  [¶] . . . [¶] . . . denying a petition under . . . Article 10 (commencing with [Probate Code s]ection 2580) . . . ."  (Prob. Code, § 1301, subd. (d).)

On the other hand, the order in substance and effect was that the probate court invited appellant to file a new petition for a different type of special needs trust: a pooled special needs trust.  Because the appealability of the order is determined by its legal effect and not by its form or label (*Estate of Martin*, *supra*, 72 Cal.App.4th at p. 1442; *Peninsula Properties Co. v. Santa Cruz County*, *supra*, 106 Cal.App.2d at p. 678), we could conclude the March 6, 2024 probate court order as to appellant's request for a special needs trust is interlocutory because future judicial action—the court's review of another petition for a pooled special needs trust—is necessary to determine the appellant's entitlement to such a device.  If the order being appealed is nonfinal in nature and interlocutory, it must be dismissed.

Though the question is close, "reviewing courts generally should exercise discretion in favor of preserving the right to appeal."  (*Good v. Miller* (2013) 214 Cal.App.4th 472, 475, citing *Walker v. Los Angeles County Metropolitan Transit Authority*, *supra*, 35 Cal.4th at pp. 19-22.)  Here, the order denied appellant's amended petition, and does not include mandatory language directing appellant to file a new petition.  It falls within the language of Probate Code section 1301, as an order denying a petition sought

10

under Probate Code section 2580. Thus, we hold the March 6, 2024 order is appealable.

However, our conclusion does not save appellant's appeal. Applying the basic review standards summarized above, the appeal fails because appellant has not met her burden to demonstrate error with an adequate record. Appellant contends that provisions of the United States Code and Probate Code, as well as federal and California regulations, entitle the conservatee to a special needs trust, but the probate court "under undue influence made a mistake in applying the law as . . . none of the applicable laws or regulations require nor mandate a pooled special needs trust . . . ." She contends she had authority under Probate Code section 2850 to file her petition and execute such a trust, and her amended petition was compliant with California Rule of Court, rule 7.903[6] and provisions of a Social Security Administration operations manual, whereas the first petition did not comply. Appellant

[6] This rule of court addresses trusts funded by court order, which includes a trust receiving funds under Probate Code section 2580. (Cal. Rules of Court, rule 7.903(a)(1).) In part, the rule provides that "unless the court otherwise orders for good cause shown" such trusts "must: [¶] (1) Not contain 'no-contest' provisions; [¶] (2) Prohibit modification or revocation without court approval; [¶] (3) Clearly identify the trustee and any other person with authority to direct the trustee to make disbursements; [¶] (4) Prohibit investments by the trustee other than those permitted under Probate Code section 2574; [¶] (5) Require persons identified in (3) to post bond in the amount required under Probate Code section 2320 et seq.; [¶] (6) Require the trustee to file accounts and reports for court approval in the manner and frequency required by Probate Code sections 1060 et seq. and 2620 et seq.; [¶] (7) Require court approval of changes in trustees and a court order appointing any successor trustee; and [¶] (8) Require compensation of the trustee, the members of any advisory committee, or the attorney for the trustee, to be in just and reasonable amounts that must be fixed and allowed by the court. The instrument may provide for periodic payments of compensation on account, subject to the requirements of Probate Code section 2643 and rule 7.755." (Cal. Rules of Court, rule 7.903(c)(1-8).)

describes the purpose of the special needs trust, then sets forth factors the probate court "must determine" under Probate Code sections 2580, 2582 and 2583. She argues a pooled special needs trust is not required by law, and the court's order puts the conservatee and his estate "into an unnecessary financial burden to start a new petition for a pooled special needs trust . . . ."

Appellant did not provide us the petitions that were before the court. Nor does the record contain a reporter's transcript of the hearing on appellant's petition, a settled statement, or anything else suggesting the court did not consider relevant factors under the Probate Code, follow local rules, or otherwise correctly assess the propriety of a pooled special needs trust, which the conservatee's guardian ad litem recommended over the trust sought by appellant. We therefore presume that the proceedings at the hearing support the probate court's order, and the court otherwise did not abuse its discretion. (*Southern California Gas Co. v. Flannery*, *supra*, 5 Cal.App.5th at p. 483 [a reporter's transcript is indispensable in cases involving the abuse of discretion standard of review]; *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 9 [without a reporter's transcript, reviewing court presumes that what occurred at the hearing supports the trial court order].)

IV. <em>Order Awarding Attorney Fees</em>

The part of the probate court's order awarding court appointed counsel attorney fees is appealable under Probate Code section 1300. (Prob. Code, § 1300, subd. (e) ["In all proceedings governed by this code, an appeal may be taken from the making of, or the refusal to make, any of the following orders: [¶] . . . [¶] . . . Fixing, authorizing, allowing, or directing payment of compensation or expenses of an attorney"].)

However, appellant does not challenge this order.  The sole "argument" she makes is to point out that the probate court approved payment for the conservatee's court appointed attorney, but denied "payment to [appellant] for court costs and fees along with reimbursement to . . . Hernandez for attorney fees advanced . . . .  ([Cal. Rules of Court, rule] 7.756(a)(2)(3)(5)(6)(7)(8)(9).)"  This point provides no basis to disturb the court's order awarding the conservatee's court appointed counsel's fees.

DISPOSITION

The March 6, 2024 order is affirmed.  The parties shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(3), (5).)


O'ROURKE, Acting P. J.

WE CONCUR:


DATO, J.


DO, J.


13